```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN EDWARD SHUGHART,          : CIVIL NO: 3:11-CV-01400
                                :
          Plaintiff             :
                                : (Judge Kosik)
     v.                         :
                                : (Magistrate Judge Smyser)
CUMBERLAND COUNTY PRISON,       :
et al.,                         :
                                :
          Defendants            :
```

**REPORT AND RECOMMENDATION**

The complaint in this case fails to state a claim upon which relief may be granted. We granted the plaintiff leave to file an amended complaint, but he failed to do so. Thus, we recommend that he complaint be dismissed and the case filed closed.

I. Background and Procedural History.

The plaintiff, a prisoner proceeding *pro se*, commenced this civil rights action by filing a complaint. He also filed an application for leave to proceed *in forma pauperis* and a motion for the appointment of counsel.

The complaint, which names twenty defendants, is rambling and difficult to understand.  The plaintiff is a prisoner at the Cumberland County Prison.  He alleges that he has a hernia which is now the size of two grapefruits and which at times prevents him from walking.  Also, he alleges that he is bleeding from his throat and that he has blood in his stool. He alleges that he is in pain, that he has a family history of cancer, and that he is scared.

The plaintiff claims that he is not receiving appropriate medical care for his conditions.  He also makes other claims related to not being immediately placed on work release, being placed in the hole, being harassed, and being retaliated against for filing grievances.

We granted the plaintiff's application to proceed *in forma pauperis* and denied his motion for the appointment of counsel.  After reviewing the complaint, we concluded that it fails to state a claim upon which relief may be granted.  We granted the plaintiff leave to file an amended complaint.

The amended complaint was due on or before October 11, 2011.  The plaintiff has not filed an amended complaint.  Nor has he requested an extension of time to do so.  But that is not surprising since the Order granting him leave to file an amended complaint was returned to the court as undeliverable with a notation that the plaintiff has been released.

The plaintiff has not kept the court informed of his current address as required by Local Rule 83.18.  By failing to keep the court informed of his current address, the plaintiff could be deemed to have abandoned this case.  In any event, the complaint fails to state a claim upon which relief may be granted, and, therefore, we recommend that the complaint be dismissed and the case closed.

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by

3

Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Federal Rule of Civil Procure 20(a) provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

5

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The complaint is deficient in a number of respects. First, it is not short and plain as required by Rule 8. Rather, it is long and rambling.

Second, the complaint violates Fed.R.Civ.P. 20(a). The plaintiff indicates in the complaint that his main concern is his medical care. But in addition to the plaintiff's medical claims, the complaint contains claims related to not being immediately placed on work release, being placed in the hole,

6

being harassed, and being retaliated against for filing grievances. Those claims cannot reasonably be seen to arise from the same transaction, occurrence, or series of transactions or occurrences as the medical claims. So, the complaint violates Fed.R.Civ.P. 20(a).

Third, the complaint fails to allege personal involvement on the part of most of the named defendants in the alleged violations of the plaintiff's rights.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v.*

7

*Iqbal,* 129 S.Ct. 1937, 1948 (2009).  The principle that *respondeat superior* liability does not exist under 42 U.S.C. § 1983 extends even to a for-profit private corporation. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003)("PHS [Prison Health Services] cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.")

Although the complaint here and there includes a defendant's name, it does not clearly allege how each defendant violated the plaintiff's rights.  The defendants cannot be liable under 42 U.S.C. § 1983 on the basis of respondeat superior or merely because they are officials of the prison.

Fourth, the complaint fails to state an Eighth Amendment medical claim upon which relief may be granted.

"[T]he Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  In order for the plaintiff to state a viable Eighth Amendment medical care claim

8

against a defendant, he must allege that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

A prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated by a prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

The plaintiff has failed to allege facts from which it can reasonably be inferred that the defendants were deliberately indifferent to a serious medical need of his. Accordingly, the complaint fails to state an Eighth Amendment medical claim upon which relief may be granted.

9

As set forth above, the plaintiff was granted leave to file an amended complaint, but he failed to do so.

IV. Recommendations.

Based on the foregoing, we recommend that the court dismiss the complaint and close the case file.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: October 18, 2011.